1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA
10                  SAN FRANCISCO DIVISION
11

12   ERIC RAY SMITH,                    No. C 13-3221 JCS (PR)

13            Plaintiff,                **ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND**
14        v.

15   GREGORY J. AHERN, et al.,

16            Defendants.

17   _____/

18

19                          **INTRODUCTION**

20        This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

21   prisoner.  After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court

22   DISMISSES the complaint with leave to file an amended complaint on or before January 25,

23   2014.[1]

24   _____

25        [1] Plaintiff has consented to magistrate judge jurisdiction.  The magistrate, then, has
     jurisdiction to issue this order, even though defendants have not been served or consented to
26   magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that
     magistrate judge had jurisdiction to dismiss prisoners action under 42 U.S.C. § 1983 as frivolous
27   without consent of defendants because they had not been served and therefore were not parties).

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that Deputy Cammack (1) allowed another inmate into plaintiff's cell who then stole property, including a letter detailing plaintiff's testifying against "someone"; and (2) refused to allow him out for "pod time."  He also alleges that unnamed deputies threw a "concussion bomb" into plaintiff's cell, where he was assaulted by ten deputies. These allegations do not contain sufficient factual matter to state claims under section 1983.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  For example, plaintiff fails to state what property (other than the letter) that was stolen,

2  articulate how he was injured by the inmate finding the letter, state how missing one period

3  of pod time implicated his constitutional rights, and provide the names and specific actions

4  taken by the unnamed deputies.

5      Also, plaintiff may join in this action only those parties if the claims against them

6  arise from the same set of operative facts.  Parties may be joined as defendants in one action

7  only "if any right to relief is asserted against them jointly, severally, or in the alternative with

8  respect to or arising out of the same transaction, occurrence, or series of transactions or

9  occurrences; and any question of law or fact common to all defendants will arise in the

10 action." Fed. R. Civ. P. 20(a)(2).  "A buckshot complaint that would be rejected if filed by a

11 free person — say, a suit complaining that A defrauded plaintiff, B defamed him, C punched

12 him, D failed to pay a debt, and E infringed his copyright, all in different transactions —

13 should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

14 2007).  Simply put, plaintiff must choose **one** set of claims to pursue in the present action,

15 e.g., his claims against Cammack, or his claims against the other deputies.  Also, he must

16 specify where Cammack and these deputies are employed.

17     Because of these deficiencies, the complaint is DISMISSED with leave to amend.

18 **Plaintiff shall file an amended complaint on or before January 25, 2014.**  The first

19 amended complaint must include the caption and civil case number used in this order

20 (13-3221 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.

21 It must also address all deficiencies discussed above.  Because an amended complaint

22 completely replaces the previous complaints, plaintiff must include in his first amended

23 complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue.

24 *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may *not* incorporate

25 material from the prior complaint by reference.  Failure to file an amended complaint in

26 accordance with this order will result in dismissal of this action without further notice to

27 plaintiff.

28

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  December 10, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

No. C 13-3221 JCS (PR)
ORDER DISMISSING COMPLAINT

United States District Court
For the Northern District of California